IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| JASMINE JAHNKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| CLASSIC CARE OF FLORIDA, LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, JASMINE JAHNKE ("PLAINTIFF"), and files this Complaint against DEFENDANT CLASSIC CARE OF FLORIDA, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that provided home health care services in Lake County, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around March 2016, DEFENDANTS hired PLAINTIFF to work as a scheduler and she remained in that capacity until she was terminated.

11. PLAINTIFF'S schedule throughout her employment was Monday to Friday, from 8:30 a.m. until 5:00 p.m., but PLAINTIFF could not finish her work within the time DEFENDANT provided, so PLAINTIFF worked through her 30 minutes lunch breaks and stayed one hour late to complete her work throughout her employment.

12. PLAINTIFF was never compensated for her off the clock work, which should have been paid at an overtime rate of pay.

13. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires it to pay its employees time and one-half

when they work more than 40 hours per week.

14. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a rate of one and one-half times her usual hourly rate when she worked more than 40 hours per week.

15. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

19. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she did not receive appropriate compensation.

20. During her employment with DEFENDANT, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not

paying PLAINTIFF time and one-half when she worked more than 40 hours in a week.

21. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

22. DEFENDANT'S failure to compensate PLAINTIFF for her overtime violates the provisions of the FLSA and the regulations thereunder.

23. DEFENDANT'S failure to compensate PLAINTIFF for her overtime was a willful and knowing violation of the Act.

24. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

25. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

26. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

27. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

4

28. Despite PLAINTIFF performing as required pursuant to her agreement with DEFENDANT, DEFENDANT breached its employment agreement with PLAINTIFF by failing to pay PLAINTIFF the agreed hourly rate of pay for all the hours she worked.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  December 7, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF